UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY LEE WEGNER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-356-DRL-SJF |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Joseph Albert Novak, as next friend, filed a habeas petition on behalf of Jeremy Lee Wegner, an individual held at the Elkhart County Corrections Center. According to the petition, there is no legal justification for Mr. Wegner's ongoing detention. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Review of the electronic docket for the state courts[1] indicates that Mr. Wegner is in custody pursuant to his conviction and sentence in *State v. Wegner*, 20D04-2304-CM-770 (Elkhart Sup. Ct. filed Apr. 27, 2023). Specifically, on June 27, 2024, the Elkhart Superior Court held a bench trial, found Mr. Wegner guilty of operating a vehicle with a blood alcohol content between .08 and .15, a misdemeanor, and further found that he qualified for a habitual vehicular substance offender sentence enhancement. On July 17,

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

2024, the trial court sentenced him to 60 days on the misdemeanor and to 7 years on the sentence enhancement. The direct appeal is currently pending with the Indiana Court of Appeals in Case No. 24A-CR-01823, where Mr. Wegner is represented by counsel.

The court first considers whether Mr. Novak properly filed the habeas petition on Mr. Wegner's behalf. The general prudential rule on standing is that parties cannot seek vindication of the constitutional rights of other individuals. *Wilson v. Lane*, 870 F.2d 1250, 1255 (7th Cir. 1989). An exception might be allowed if the other individual is unable to assert his rights on his own and if there is a significant and close relationship between the party and the other individual. *Id.* Here, Mr. Novak describes himself as a "concerned natural person" and represents that Mr. Wegner "may be unable to access or assert his rights directly." These vague explanations do not suffice to establish Mr. Novak's standing or his status as the next friend of Mr. Wegner. Moreover, Mr. Wegner does not appear to be unable to assert his rights on his own as he is currently asserting his rights through counsel on direct appeal. Mr. Wegner also personally wrote to the Elkhart Superior Court as recently as December 2024.

Though the court could grant Mr. Wegner an opportunity to pursue this habeas case on his own rather than immediately dismissing this case, the court declines to do so because any effort to challenge his conviction or sentence would be unexhausted and thus futile at this time. This is because before granting habeas relief, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* Mr. Wegner's direct appeal remains ongoing, he did not initiate any interlocutory appeals, and he has not initiated post-conviction proceedings in state court. As a result, it appears that any challenge to his conviction or sentence would be necessarily unexhausted. Moreover, dismissals based on failure to exhaust are without prejudice, *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989), and the applicable limitations period has not yet begun to run, *see Dolis v. Chambers*, 454 F.3d 721, 723 (7th Cir. 2006) (noting the "special circumstance" of dismissals without prejudice where the running of the limitations period precludes refiling); 28 U.S.C. § 2244(d) (limitations period for habeas petitions). As a result, the court sees no harm to Mr. Wegner in dismissing this case at this time and will dismiss this habeas petition without prejudice to refiling it once he has finished challenging his conviction and sentence in the state courts.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Mr. Wegner or Mr. Novak to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) without prejudice pursuant to Section 2254 Habeas Corpus Rule 4 due to lack of standing and because the claims are unexhausted;

(2) DECLINES to issue a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DIRECTS the clerk to close this case; and

(4) DIRECTS the clerk to send a copy of this Order to both Jeremy Lee Wagner and Joseph Albert Novak.

SO ORDERED.

May 2, 2025                                          *s/ Damon R. Leichty*
                                                     Judge, United States District Court